UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1:23-mj-07350-JCB

UNITED STATES OF AMERICA

v.

ZHENDI WANG

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

October 27, 2023

Boal, M.J.

The defendant, Zhendi Wang, is charged in a complaint with money laundering conspiracy in violation of 18 U.S.C. § 1956(h). An initial appearance was held on August 30, 2023, at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A) (serious risk of flight).

I held a detention and probable cause hearing on September 19, 2023, at which the government called Task Force Officer Michael Patterson and introduced fourteen exhibits into evidence.[1] Defense counsel cross-examined Task Force Officer Patterson and introduced eight exhibits into evidence. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services report recommending detention, I order Wang detained pending trial.

---

[1] At the hearing, this Court reserved decision on probable cause and requested further briefing from the parties. After careful consideration of those briefs as well as the evidence presented at the hearing, I find there is probable cause to believe an offense of money laundering has been committed, and that Zhendi Wang committed such offense.

I. <u>**ANALYSIS**</u>

    A. <u>**The Bail Reform Act**</u>

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); <u>United States v. Patriarca</u>, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." <u>Id.</u> at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. <u>Patriarca</u>, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. <u>United States v. Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991).

    B. <u>**Nature Of The Offense**</u>

Wang is alleged to have participated in a scheme to launder funds obtained through the sale of illegal anabolic steroids from China into the United States.

### C.     Defendant's History And Characteristics

Wang, age 43, was born in Hubei Province, China. Wang is a surgeon who specializes in kidney transplants. Prior to his arrest, he worked at a hospital in Wuhan, China.

Wang does not have a criminal record in the United States.

### D.     Risk Of Flight

Wang is a citizen of the People's Republic of China. Before his arrest, Wang lived with his wife and son in Hubei Province. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Wang's parents also live in China.

Wang has a passport issued by the People's Republic of China. He has traveled internationally to Mexico, the United States, Austria, Switzerland, Italy, the Czech Republic, the Netherlands, and Australia for vacation and conferences. Between 2009 and 2012, he lived and worked in Germany.

The government alleges that Wang entered the United States on July 30, 2023 through San Francisco International Airport for vacation with his family. At that time, investigators seized Wang's laptop and cell phone. The government also executed seizure warrants with respect to U.S. bank accounts associated with Wang. Wang indicated to investigators that he intended to remain in the United States for ten days. On July 31, 2023, following his initial contact with investigators and the seizure of his phone, Wang purchased a new iPhone for $1,100 in cash. Two days later, Wang booked, and paid cash for, a return flight to China for himself and his family with a scheduled departure on August 2, 2023. Wang maintains that the quick decision to return to China was because of the death of his mother-in-law. Wang was arrested prior to departure. His wife and son returned to China.

### E.     Assessment Of All Factors

Wang proposes that he be released to China. If he is not allowed to return to China, he

proposes that he be released to one of the following: (1) the home of a former patient in Maine; or (2) an apartment in Massachusetts that he would rent from an acquaintance. However, Wang has never lived in the United States, none of his family lives here, and he has substantial funds at his disposal, as evidenced by his ability to purchase with cash a new iPhone and three tickets on short notice from California to China.

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention. Wang poses a serious risk of flight, and I find that no condition or combination of conditions will reasonably assure his appearance as required.

## **ORDER OF DETENTION**

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Zhendi Wang be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Zhendi Wang be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Zhendi Wang is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## **RIGHT OF APPEAL**

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. §

3145(b).

                                           /s/ Jennifer C. Boal
                                          JENNIFER C. BOAL
                                          United States Magistrate Judge